IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-60 T

(Judge Futey)

RONALD C. PRATI and MARY G. PRATI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

JOINT NOTICE OF INDIRECTLY-RELATED CASES

OCT 11 2002

The parties submit the following notice pursuant to RCFC 40.2(b), and the order issued August 1, 2002, in *Richard J. Carota v. United States*, Fed. Cl. No. 01-305 T; *John Y. and Josephine J. Glass v. United States*, Fed. Cl. No. 01-575 T; and *Lewis C. and Sonia C. Ganter v.*



PENGAD-Bayonne, N. J.
JOINT EXHIBIT A

*United States*, Fed. Cl. No. 02-248 T.[1]

## I. Background

Each of the plaintiffs in the cases identified in Part II, *infra*, was a limited partner in one or more of 43 limited partnerships subject to the provisions of §§ 6221-6234 of the Internal Revenue Code of 1986 (commonly referred to as "TEFRA"). In all of the cases filed to date, both the general partners of each partnership, and the managing agent of each partnership, were identical. The partners in each case identified in Part II, *infra*, reported their distributive share of losses attributable to purported farming expenses of the partnerships on their individual income tax returns.

The income tax returns for each of the 43 limited partnerships were examined by the Internal Revenue Service ["IRS"]. Following this examination, the IRS issued a notice of Final Partnership Administrative Adjustment ["FPAA"] to each partnership disallowing losses that had been reported by the partnership and allocated to the partners.

---

[1] Pursuant to the order entered August 1, 2002, the parties are filing this notice in each case identified in Part II, *infra*.

A partner of each partnership filed a petition for readjustment, pursuant to § 6226, in the United States Tax Court. While these proceedings were pending, certain of the partners, including the plaintiffs in each of the cases identified in Part II, *infra,* entered into settlements with the IRS with respect to their agreed adjustments to the losses reported by the partnerships.

The IRS subsequently assessed additional tax and interest against the plaintiffs as a consequence of the settlements. The plaintiffs paid the assessments and filed claims for refund requesting a refund of the additional tax and interest paid. After the claims were disallowed by the IRS, the plaintiffs filed suit in this Court.[2]

II. <u>Indirectly-Related Cases Filed to Date</u>

The following is a list of the cases filed by plaintiffs' counsel, Thomas E. Redding, and, if an answer has been filed by defendant, the

---

[2] The foregoing is a general statement of facts included only for the purpose of this notice. Defendant does not concede that the jurisdictional requirements for a refund suit (including, without limitation, §§ 6511, 6532, and 7422) have been satisfied in each of the cases identified in Part II, and does not waive the other jurisdictional defenses referred to in the answers filed in these cases.

date of filing (in parentheses). Mr. Redding expects to file additional cases that present similar, related issues of fact and law.

*Richard J. Carota v. United States*, Fed. Cl. No. 01-305 T (Oct. 2, 2001)
*Robert J. and Susan L. Isler v. United States*, Fed. Cl. No. 01-344 T (Feb. 26, 2002)
*Jeffrey T. Scuteri v. United States*, Fed. Cl. No. 01-358 T (Dec. 6, 2001)
*Robert H. and Joan C. Donaldson v. United States*, Fed. Cl. No. 01-386 T (Mar. 11, 2002)
*William W. Winternitz and Madeleine M. Hill v. United States*, Fed. Cl. No. 01-404 T (Dec. 20, 2001)
*John Y. and Josephine J. Glass v. United States*, Fed. Cl. No. 01-575 T (Apr. 10, 2002)
*Morris A. and Ann M. Weiner v. United States*, Fed. Cl. No. 01-623 T (June 20, 2002)
*Richard E. and Heather H. Dahlberg v. United States*, Fed. Cl. No. 01-720 T (May 14, 2002)
*John J. and Linda E. Vigliotta v. United States*, Fed. Cl. No. 02-13 T (May 15, 2002)
*Robert B. and Nancy L. Wood v. United States*, Fed. Cl. No. 02-56 T (Aug. 21, 2002)
*Ronald C. and Mary G. Prati v. United States*, Fed. Cl. No. 02-60 T (Aug. 21, 2002)
*Nassif J. Cannon, Jr. and Gail F. Barber v. United States*, Fed. Cl. No. 02-61 T (May 7, 2002)
*Lewis C. and Sonia C. Ganter v. United States*, Fed. Cl. No. 02-248 T
*Helen R. Pineo v. United States*, Fed. Cl. No. 02-401 T
*John G. and Gretchen G. Schuler v. United States*, Fed. Cl. No. 02-432 T

*Larry A. Marshall and Mary S. LeMieux Marshall v. United States*, Fed. Cl. No. 02-474 T
*Richard J. and Barclay L. Bolen v. United States*, Fed. Cl. No. 02-696 T (Sept. 19, 2002)
*E. Lisk Wyckoff, Jr. v. United States*, Fed. Cl. No. 02-772 T
*Lloyd T. and Mary Ann Whitaker v. United States*, Fed. Cl. No. 02-795 T
*Carmen C. and Emily M. Mastropieri v. United States*, Fed. Cl. No. 02-910 T
*Mark A. and Ellen S. Koretz v. United States*, Fed. Cl. No. 02-912 T
*Thomas E. Jones, Jr. and Elinor B. Jones v. United States*, Fed. Cl. No. 02-1079 T
*David W. and Jane H. Lewis v. United States*, Fed. Cl. No. 02-1080 T

## III. Common Issues of Fact and Law

Each of the cases identified in Part II, *supra*, presents at least one of the following issues respecting plaintiffs' tax liability as it relates to their investments in the partnerships.

1. Whether the notice of FPAA was issued to each partnership fore the statute of limitations on assessment of any tax liability attributable to adjustments to partnership items, as provided in § 6229, had expired.

2. Whether plaintiffs are liable for tax-motivated interest under former § 6621(c).

3. Whether plaintiffs are entitled to interest abatement under § 6404(e).

4. Whether plaintiffs are entitled to the net interest rate of zero under § 6621(d).

5. Whether plaintiffs are entitled to an overpayment, in the year of termination of the relevant partnership, attributable to an increase in the basis of their partnership interest resulting from the adjustments to partnership items for earlier years embodied in the settlement agreement between plaintiffs and the IRS.

IV. Case Management Plan

The parties believe there are preliminary legal questions with respect to Issues No. 1 (the § 6229 limitations issue), No. 2 (the § 6621(c) interest issue), and No. 3 (the § 6404(e) interest abatement issue) set out in Part III, *supra*. Resolution of the preliminary legal issues will control the extent of and may preclude the need for extensive discovery in these cases. It would be more efficient and cost-effective to resolve these legal issues prior to conducting what may amount to a large amount of discovery in places as far away as California, Arizona, Texas, Puerto Rico,

and Mexico.

The parties propose to select representative cases and to conduct limited discovery in those cases in order to prepare dispositive motions on the preliminary legal issues. All other cases identified in Part II, *supra*, as well as those to be filed in the future, would be stayed or administratively closed pending the outcome of the preliminary motions.

Legal Issue No. 4 in Part III, *supra* (the § 6621(d) interest netting claims), is almost entirely a fact question; however, in the context of these cases the resolution of that interest netting claim depends on the outcome of Issue No. 5.

As to legal Issue No. 5 in Part III, *supra* (the basis adjustment on termination of the partnerships), the fact questions related to that issue are not as extensive as for Issues Nos. 1-3. Even so, for those cases that present this issue the legal questions are almost identical. The parties propose to select representative cases for discovery and for dispositive motions and to stay or administratively close the remaining cases and all new cases with the same issue.

The selection of representative cases would avoid the duplicative

use of time and resources related to discovery. It would also promote judicial economy and efficiency by avoiding multiple trials and would avoid potentially inconsistent decisions between the various judges to whom these cases were originally assigned.

The parties propose the following:

- to identify representative cases by December 4, 2002;
- to conduct initial discovery necessary to prepare initial dispositive motions for Issues 1-3 and dispositive motions for Issues 4 and 5 by April 2, 2003;
- for plaintiffs to file a dispositive motion for Issues 1-3 by April 30, 2003 (with subsequent briefs to be filed by the parties in accordance with RCFC 7.1); and
- for plaintiffs to file a dispositive motion for Issues 4 and 5 by April 30, 2003 (with subsequent briefs to be filed by the parties in accordance with RCFC 7.1).

Following the final outcome of the representative cases, the parties propose that a status conference be held to determine the most appropriate and efficient means to address the remaining cases, for

example, by reopening and determining those cases in a manner consistent with the outcome of the representative cases, or by reopening and trying those cases on the basis of the outcome of the legal issues in the representative cases.

Plaintiffs' attorney has authorized defendant's attorney to sign this notice on his behalf.

Respectfully submitted,

10/11/02
Date

Thomas E. Redding by Eileen C. Spector

THOMAS E. REDDING
Redding & Associates, P.C.
P. O. Box 724328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (Facsimile)

Attorney for Plaintiffs

10/11/02
Date

Ellen C. Specker

ELLEN C. SPECKER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (Facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
WILLIAM K. DREW
Reviewer

10/11/02
Date

William K. Drew by Ellen C. Specker

Of Counsel

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I certify that service of the foregoing Notice of Indirectly-Related Cases has, this 11th day of October, 2002, been made on plaintiffs' counsel by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Thomas E. Redding, Esquire
Redding & Associates, P.C.
P. O. Box 924328
Houston, Texas 77292-4328

Ivana L. Henderson

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440

D:\Users\especker\prati\notice.rcfc40.2(b)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-60 T

(Judge Bohdan A. Futey)

RONALD C. PRATI and MARY G. PRATI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# JOINT NOTICE OF REPRESENTATIVE CASES

JAN 10 2003

1. On October 11, 2002, the parties filed a joint notice of indirectly-related cases pursuant to RCFC 40.2(b) in the above-captioned case and 22 other cases.[1] The notice recited that the parties intended to select a

[1] Four additional indirectly-related cases were filed on or after October 11, 2002: *Velusami and Purani A. Arumugam v. United States*, Fed. Cl. No. 01-1395 T; *Charanjit Singh Dhillon and Mandy K. Dhillon*, Fed. Cl. No. 02-1477 T; *Stanley C. and Ruth A. Sperling v. United*



PENGAD-Bayonne, N. J.
JOINT EXHIBIT B

representative case or cases and to request the suspension of proceedings in the remaining cases.

2. The parties have identified the following cases as representative cases:

*Robert J. Isler and Susan L. Isler v. United States*, Fed. Cl. No. 01-344 T

*Jeffrey T. Scuteri v. United States*, Fed. Cl. No. 01-358 T

*Ronald C. Prati and Mary G. Prati v. United States*, Fed. Cl. No. 02-60 T

3. The parties intend to request that proceedings in the remaining cases be suspended until final decisions are entered in *Isler*, *Scuteri*, and *Prati*.

4. Plaintiffs' attorney has authorized defendant's attorney to sign this notice on his behalf.

---

*States*, Fed. Cl. No. 02-1523 T; and *Gordon W. and Elizabeth K. Ludwig v. United States*, Fed. Cl. No. 02-1730 T.

Respectfully submitted,

1/9/03
Date

Thomas E. Redding by Ellen C. Spalter

THOMAS E. REDDING
Redding & Associates, P.C.
P. O. Box 724328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (Facsimile)

Attorney for Plaintiffs

1/9/03
Date

Ellen C. Specker
ELLEN C. SPECKER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (Facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
WILLIAM K. DREW
Reviewer

Jan 10, 2003
Date

William K. Drew
Of Counsel

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I certify that service of the foregoing Joint Notice of Representative Cases has, this 10th day of January, 2003, been made on plaintiffs' counsel by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Thomas E. Redding, Esquire
Redding & Associates, P.C.
P. O. Box 924328
Houston, Texas 77292-4328

Diana L. Henderson

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440